IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSE MEZA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Case No. CIV-26-570-G |
| UNITED STATES DISTRICT | ) |
| COURT, et al., | ) |
| | ) |
| Respondents.[1] | |

**REPORT AND RECOMMENDATION**

Petitioner Jose Meza, a noncitizen proceeding pro se,[2] seeks a writ of

habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge

Charles Goodwin referred the case to the undersigned Magistrate Judge for

---

[1]     Chris Gantt is now the Warden of the Cimarron Correctional Facility. The Court replaces him as a Respondent for Scarlet Grant. Fed. R. Civ. P. 25(d). Warden Gantt is not a federal official, so the Government has not filed its response on his behalf. Doc. 9, at 2 n.1.

[2]     This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). Because Petitioner is proceeding pro se, the Court liberally construes his arguments. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

[3]     Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. The Government responded, Doc. 9, and Petitioner did not reply. So the matter is at issue.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition, in part, and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226 within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

## I.    **Factual background and procedural history.**

Petitioner is a citizen of Honduras who has been in immigration detention since January 2026.[4] Doc. 9, at 4. Petitioner entered the United States without inspection on or about August 10, 2006, at or near McAllen, Texas. *Id.* Ex. 1, at 1. Petitioner did not encounter border officials upon his entry, and he was neither admitted nor paroled into the country. *Id.*

Petitioner claims he was arrested by law enforcement on or about January 13, 2026, while working a delivery job to the McAlester Army Ammunitions plant. Doc. 2, at 1. He states he was transferred into the custody of Immigration and Customs Enforcement (ICE) on January 19, 2026, where

---

[4]    The Parties dispute the precise date of Petitioner's detention. *See* Doc. 1, at 7; Doc. 9, at 4. However, the undersigned finds that it is unnecessary to decide this factual dispute to resolve the Petition.

he has remained since. *Id.* Respondents do not provide any details regarding the circumstances surrounding Petitioner's arrest, but they assert Petitioner was "taken into custody and placed into removal proceedings" on January 17, 2026. Doc. 9, at 4. Respondents appear to concede that ICE took Petitioner into custody without a warrant but argue that habeas relief is not available to the extent that Petitioner may be raising a claim under the Fourth Amendment. *See id.* at 2 n. 2; *see, e.g., Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.").

The Department of Homeland Security (DHS) issued Petitioner a Notice to Appear (NTA) placing him into removal proceedings on January 17, 2026. *Id.* at 4 & Ex. 1. DHS charged him as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA).[5] Petitioner says he will submit a 42B Application for Cancellation of Removal and Adjustment of Status with the Immigration Court (IC). Doc. 2, at 1. His removal proceedings are ongoing, and

---

[5] This section is codified in the United States Code at 8 U.S.C. § 1182(a)(6)(A)(i). Section 1182(a)(6)(A)(i) provides that a noncitizen who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General is ineligible to be admitted to the United States. *Id.* § 1182(a)(6)(A)(i).

3

he is scheduled for an Individual Hearing on July 2, 2026, before the Aurora, Colorado IC. *See* https://acis.eoir.justice.gov/en/caseInformation (last visited June 29, 2026).[6] Petitioner is detained at the Cimarron Correctional Facility in Cushing, Oklahoma. Doc. 1, at 1.

## II.    Petitioner's claims.

Petitioner asserts his detention violates the INA and the Fifth Amendment Due Process Clause because he was arrested "without probable cause" and never given "a notice of [his] detainment." Doc. 1, at 7. Liberally construed, this allegation also appears to challenge the lawfulness of his warrantless arrest, which Respondents address as a potential claim under the Fourth Amendment. *See id.*; Doc. 9, at 2 n.2. Petitioner also asserts his detention violates the Administrative Procedure Act (APA) because the Government has not provided him with an "individualized bond hearing nor any adequate notice of [his] removal proceedings." Doc. 1, at 7. He seeks his

---

[6]    The undersigned takes judicial notice of Petitioner's removal proceedings. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (quoting *United States v. Ahidley*, 486 F.3d 1204, 1192 n.5 (10th Cir. 2007)).

"immediate release through an order of supervision, or an alternative." *Id.* at 8.

## III.    Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.    Discussion.

Respondents argue Petitioner is mandatorily detained under 8 U.S.C. § 1225(b) as an "applicant for admission" and his request for a bond hearing or release is barred by "the INA's jurisdiction channeling and stripping provisions." Doc. 9, at 5-9. Respondents acknowledge that "this Court is split on this issue" but note that two courts of appeal have adopted their position. *See* Doc. 9, at 3 n.3 (citing *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), and *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)).

5

**A.    This Court has jurisdiction to consider Petitioner's claims.**

The Supreme Court has clarified that 8 U.S.C. § 1226 does not provide a jurisdictional bar where a petitioner is "not asking for review of an order of removal[, is] not challenging the decision to detain them in the first place or to seek removal[, and is] not even challenging any part of the process by which their removability will be determined." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018). So this Court's review of whether Petitioner is properly detained under § 1226 is not barred by 8 U.S.C. § 1252(b)(9). *See, e.g.*, *Nielsen v. Preap*, 586 U.S. 392, 402 (2019) (reviewing detention under § 1226(c) and holding that § 1252(b)(9) did not "present a jurisdictional bar" to review (quoting *Jennings*, 583 U.S. at 294)). Nor is it barred by 8 U.S.C. § 1252(g). *See Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025) ("[B]ecause Petitioner does not challenge Respondents' decision to commence or adjudicate proceedings or execute removal orders, the Court concludes that 8 U.S.C. § 1252(g) does not jurisdictionally bar consideration of the Petition."); *see also Cortes v. Holt*, No. CIV-25-1176-SLP, 2026 WL 147435, at *3 (W.D. Okla. Jan. 20, 2026) ("Petitioner's claim that Respondents are detaining him without a bond hearing in violation of the INA does not divest the Court of jurisdiction.").

**B.    Section 1226 is applicable to Petitioner's detention and entitles him to a bond hearing.**

Respondents assert that § 1225(b)(2)(A) applies to Petitioner's detention, and not § 1226. Doc. 9, at 7-9. The Court should disagree.

This Court has repeatedly held that § 1225(b)(2) and § 1226(a) are mutually exclusive detention regimes, and that an "applicant for admission" is subject to mandatory detention under § 1225(b)(2)(A) only if he is also "seeking admission." *See Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483482, at *2 (W.D. Okla. Feb. 20, 2026); *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases). A noncitizen who entered the United States without inspection and has since been residing here, rather than a noncitizen stopped at or arriving at the border, is not "seeking admission" and therefore falls outside of § 1225(b)(2)(A). *Coreas*, 2026 WL 541151, at *2. This Court has further declined to find that refusing to self-deport or filing an application for relief constitutes "seeking admission" for purposes of § 1225(b)(2)(A). *See Munoz v. Grant*, No. CIV-26-544-D, 2026 WL 1078862, at *1 (W.D. Okla. Apr. 20, 2026).

Petitioner entered the United States without inspection on or about August 10, 2006, and has resided in the country for nearly twenty years. Doc. 9, Ex. 1, at 1; Doc. 2, at 1. He was present in the United States, not arriving at

7

the border, when ICE took him into custody. Because Petitioner is not "seeking admission," he "does not fall into the mandatory detention provision of § 1225(b)(2)(A)." *Munoz*, 2026 WL 1078862, at *2. Instead, § 1226(a) controls his detention and entitles him to a bond hearing. *Id.*

The Court should grant Petitioner's petition in part and order Respondents to provide Petitioner with a "prompt bond hearing under [] § 1226(a), or release Petitioner." *Id.*; *see, e.g.*, *Colin*, 2025 WL 3645176, at *6 ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").

### C.    The Court should deny Petitioner's APA claim.

Petitioner asserts Respondents also violated the APA. Doc. 1, at 7. But because Petitioner's claims for relief "'necessarily imply the invalidity' of [his] confinement," his claims "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025); *see also id.* at 674 ("[G]iven 5 U.S.C. § 704, which states that claims under the APA are not available when there is another 'adequate remedy in a court,' I agree with the Court that habeas corpus, not the APA, is the proper vehicle here.") (Kavanaugh, J. concurring); *Soberanes,* 388 F.3d at 1310 ("Challenges to immigration detention are properly brought directly through habeas."

8

(citing *Zadvydas,* 533 U.S. at 687)). The Court should deny Petitioner's request for relief under the APA.

> **D.    The Court should decline to address Petitioner's due process claim.**

Given the undersigned's recommendation as to the disposition of Petitioner's claim for relief under the INA, the undersigned recommends the Court decline to address the merits of Petitioner's due process claim, Doc. 1, at 7. The Court likewise need not reach any Fourth Amendment claim arising from Petitioner's warrantless arrest. *Id.* The Court can grant him the relief he seeks under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim.").

## V.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant** Petitioner's habeas petition, in part, and **order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.**

**The undersigned further recommends that the Court order Respondents to certify compliance by filing a status report within ten business days of the Court's order.** Counsel for Respondents should also promptly provide a copy of the Court's order to Counsel for the Warden of the Cimarron Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by July 6, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[7] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation

---

[7] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 30th day of June, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

11